UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS ESTRADA,<br><br>        Plaintiff,<br><br>    v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>        Defendants. | Case No. 16-cv-00722-MEJ<br><br>**DISCOVERY ORDER**<br><br>Re: Dkt. No. 32 |

## INTRODUCTION

Pending before the Court is the parties' joint letter brief concerning their dispute over the entry of a protective order. Jt. Ltr., Dkt. No. 32. Plaintiff Luis Estrada ("Plaintiff") seeks to utilize the Northern District of California's Model Protective Order ("MPO").[1] Defendants [2] instead seek to utilize a proposed stipulated protective order drafted by Defendant the City and County of San Francisco (the "City") (*see* City Proposed Protective Order, Dkt. No. 34-1). Having considered the parties' positions, the relevant legal authority, and the record in this case, the Court issues the following order.

## BACKGROUND

The following factual background is taken from Plaintiff's Complaint. *See* Compl., Dkt. No. 1. On January 31, 2015, Plaintiff and Israel Lopez were crossing the intersection of Delano

---

[1] The MPO is available at http://cand.uscourts.gov/model-protective- orders.

[2] The parties refer to both "Defendants" and "the City." Neither party identifies specifically which parties are included as "Defendants." Where the parties specifically identify a party, the Court will be precise in its description of the arguments whenever possible, but otherwise will adopt the parties' nomenclature. Additionally, as there is no indication that the other Defendants have objected to the City's proposed protective order, all Defendants who have appeared in this action (*see* note 3, *infra.*) presumably agree that the City's proposed order is appropriate.

Avenue and Geneva Street in San Francisco when San Francisco Police Department ("SFPD") Officers Joshua Bryant and Jeffrey Cuenca struck Lopez with their patrol car. *Id.* ¶¶ 17-18. Officers Bryant and Cuenca exited the patrol car and ordered Lopez to sit on the curb. *Id.* ¶ 19. Other SFPD vehicles arrived shortly thereafter. *Id.* ¶ 20. Plaintiff was waiting on-scene for Lopez when an unidentified SFPD officer approached Plaintiff from behind and said words to the effect of "You think you're a tough guy?"; Plaintiff responded "No." *Id.* ¶ 21. The officer repeated the question; Plaintiff again replied, "No." *Id.* ¶ 22. The officer asked the question for a third time. Rather than giving Plaintiff an opportunity to respond, the officer grabbed Plaintiff's right arm, slammed him to the ground, twisted his arm behind his back, and handcuffed him—allegedly without provocation or legal justification. *Id.* ¶¶ 23-24. When Plaintiff turned his head to look at the officer, the officer slapped Plaintiff across his face. *Id.* ¶ 25. As a result of this encounter, Plaintiff suffered injuries to his arms and hands. *Id.* ¶ 26.

Plaintiff filed his Complaint on February 11, 2016. *See* Compl. He names as Defendants SFPD Officers Bryant, Cuenca, Justin Ocreto, and Zahid Khan[3]; former SFPD Chief of Police Gregory Suhr; and the City. *Id.* ¶¶ 4-9. He asserts claims against Officers Cuenca, Bryant, Ocreto and Khan for (1) violations of 42 U.S.C. § 1983; (2) violations of California Civil Code sections 51.7 and 52.1; (4) intentional infliction of emotional distress; (5) assault and battery; and (6) false arrest and imprisonment. *Id.* ¶¶ 31-49, 56-59. Plaintiff also asserts a *Monell*[4] claim under 42 U.S.C. § 1983 against former Chief of Police Suhr and the City. *Id.* ¶¶ 50-55.

## LEGAL STANDARD

Federal Rule of Civil Procedure 26 provides that a party may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Factors to consider include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and

---

[3] Officers Ocreto and Cuenca have not filed an answer or otherwise appeared in this action.

[4] *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* Discovery need not be admissible in evidence to be discoverable. *Id.* However, "[t]he parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes." Fed. R. Civ. P. 26 advisory committee notes (2015 amendments). Thus, there is "a shared responsibility on all the parties to consider the factors bearing on proportionality before propounding discovery requests, issuing responses and objections, or raising discovery disputes before the courts." *Salazar v. McDonald's Corp.*, 2016 WL 736213, at *2 (N.D. Cal. Feb. 25, 2016); *Goes Int'l, AB v. Dodur Ltd.*, 2016 WL 427369, at *4 (N.D. Cal. Feb. 4, 2016) (citing advisory committee notes for proposition that parties share a "collective responsibility" to consider proportionality and requiring that "[b]oth parties . . . tailor their efforts to the needs of th[e] case").

Rule 26(c) "confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984). "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including by (1) prohibiting disclosure or discovery; (2) conditioning disclosure or discovery on specified terms; (3) preventing inquiry into certain matters; or (4) limiting the scope of disclosure or discovery to certain matters. Fed. R. Civ. P. 26(c)(1).

## DISCUSSION

Plaintiff objects to Paragraphs 2 and 3 of the City's proposed protective order.

### A. Paragraph 2: Confidentiality of Criminal Investigation Documents

Paragraph 2 of the City's proposed protective specifically addresses these documents and designates them as confidential: "[a]ll documents, including, but not limited to, audiotapes, videotapes, photographs, transcripts, etc., related to the criminal investigation incidental to the event forming the basis of this lawsuit shall be deemed CONFIDENTIAL INFORMATION, within the meaning of this stipulation." City Proposed Protective Order ¶ 2. In contrast, the MPO does not directly address documents in criminal investigation files. *See* MPO. Rather, the MPO defines "'CONFIDENTIAL' Information or Items" as "information (regardless of how it is

3

generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c)." MPO ¶ 2.2.

Defendants are willing to produce these documents, but only if Plaintiff agrees to a protective order that will prevent Plaintiff from disclosing the information publicly. Jt. Ltr. at 4. Plaintiff argues that "documents contemporaneously made at the time of the incident (i.e.-basic police reports, 911 calls and dispatch tapes) . . . should not be subject to any protective order." *Id.*

As the party who seeks protection, Defendants bear the burden "of showing that specific prejudice or harm will result if no protective order is granted." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003). To do so, Defendants must show that (1) the material in question is a trade secret or other confidential information within the scope of Rule 26(c), and (2) disclosure would cause an identifiable, significant harm. *Id.* (quotation omitted).

Defendants argue "the documents at issue are mainly from an open, ongoing, criminal investigation file . . . . [and] contain private information about third parties, medical information, criminal history information, and crime scene evidence, *etc.*" *Id.* at 5 (italics in original). The City's proposed protective order is appropriate because "[t]he type of information underlying civil rights cases [is] not generally found in non-civil rights cases, and therefore deserve[s] a protective order that takes into account this sensitive type of information, all of which is protected by state statute." *Id.* (footnote omitted).

The City also invokes the official information privilege. Jt. Ltr. at 5-6. "Federal common law recognizes a qualified privilege for official information." *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033 (9th Cir. 1990), *as amended on denial of reh'g* (Feb. 27, 1991), *as amended on denial of reh'g* (May 24, 1991). Police departments may assert this privilege "to shield internal affairs documents from discovery." *Soto v. City of Concord*, 162 F.R.D. 603, 615 (N.D. Cal. 1995). The official information privilege "cover[s] all the disparate kinds of data and communications that can be involved in these types of civil rights cases against governmental actors." *Haddix v. Burris*, 2014 WL 6983287, at *3 (N.D. Cal. Dec. 9, 2014) (internal quotation marks omitted). "'In determining what level of protection should be afforded by this privilege, courts conduct a case by case balancing analysis, in which the interests of the party seeking

4

discovery are weighed against the interests of the governmental entity asserting the privilege.'" *Martin v. Evans*, 2012 WL 1894219, at *2 (N.D. Cal. May 23, 2012) (quoting *Soto*, 162 F.R.D. at 613). Where, as here, the case involves a civil rights claim against a police department, "this balancing approach should be 'moderately pre-weighted in favor of disclosure.'" *Soto*, 162 F.R.D. at 613 (quoting *Kelly v. City of San Jose*, 114 F.R.D. 653, 661 (N.D. Cal. 1987)); *see also Doe v. Gill*, 2012 WL 1038655, at *4 (N.D. Cal. Mar. 27, 2012) ("Current case law suggests the privacy interests police officers have in their records do not outweigh a plaintiff's interests in civil rights cases." (collecting cases)).

Before a court balances these interests, "the party opposing disclosure must make a substantial threshold showing by submitting a declaration or affidavit from a responsible official with personal knowledge of the police department's internal investigatory system." *Trujillo v. Jacquez*, 2014 WL 4072062, at *3 (N.D. Cal. Aug. 15, 2014) (citing *Soto*, 162 F.R.D. at 613). The declaration or affidavit must include

> "(1) an affirmation that the agency generated or collected the material in issue and has maintained its confidentiality; (2) a statement that the official has personally reviewed the material in question; (3) a specific identification of the governmental or privacy interests that would be threatened by disclosure of the material to plaintiff and/or his lawyer; (4) a description of how disclosure subject to a carefully crafted protective order would create a substantial risk of harm to significant governmental or privacy interests, and (5) a projection of how much harm would be done to the threatened interests if disclosure were made."

*Id.* (quoting *Soto*, 162 F.R.D. at 613). "A strong affidavit would also describe how the plaintiff could acquire information of equivalent value from other sources without undue economic burden." *Soto*, 162 F.R.D. at 613. If the opposing party fails to meet its threshold burden, the court will order disclosure of the documents at issue. *Id.* But if the opposing party satisfies the threshold requirements, the court will order an *in camera* review of the material and balance the parties' interests. *Id.*

At this point, the Court cannot determine whether the official information privilege applies. Neither party describes the types of documents or information that Plaintiff seeks from the investigative file; at best, the Court assumes that Plaintiff seeks "basic police reports, 911 calls

and dispatch tapes" relating to the incident, but it is unclear what those documents contain or if Plaintiff seeks other materials as well. *See* Jt. Ltr. at 4. In any event, as the parties raise this issue in a joint letter and not a motion, Defendants do not offer an affidavit to meet their threshold burden.

Nor do Defendants explain how disclosure would cause specific prejudice or harm. *See In re Roman Catholic Archbishop of Portland in Oregon* ("*Roman Catholic*"), 661 F.3d 417, 424 (9th Cir. 2011). The City has "genuine concerns" regarding the impact of production on the integrity of the investigation. *Id.* ("[T]he City has genuine concerns that documents and information contained in the criminal investigation file remain so as to maintain the integrity of the investigation." (error in original)). But the City does not articulate these concerns with any specificity such that the Court can assess whether they are based on anything more than speculation. *See Beckman Indus.*, 966 F.2d at 476. Without more, Defendants have not demonstrated good cause for a protective order for documents other than the officers' personnel files and Internal Affairs documents.[5] *See* Jt. Ltr. at 4 ("Plaintiff readily concedes that the individual Officers' personnel files and Internal Affairs documents are routinely subject to a protective order and should enjoy that same protection here.").

**B.      Paragraph 3: Burden of Challenging Designations of Confidentiality**

Under the terms of the MPO, "[i]f the Parties cannot resolve a challenge [of designation of confidentiality] without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable)[.]" MPO ¶ 6.3. But Paragraph 3 of the City's proposed protective order would shift the burden to Plaintiff: "Plaintiff may challenge defendants' designation of a particular document

---

[5] Plaintiff also objects to Paragraph 2's failure to identify condition(s) that terminate the confidentiality designation of documents within the criminal investigative file. Jt. Ltr. at 4. However, Paragraph 4 provides that "[u]nless disclosure is ordered by the Court, attorneys for defendants shall have the sole authority to determine that documents subject to the PROTECTIVE ORDER are no longer considered CONFIDENTIAL INFORMATION and will advise counsel for plaintiff in writing if this determination is made." City Proposed Protective Order ¶ 4. Paragraph 4 thus sets forth the condition under which documents from the investigative file are no longer confidential, that is, by Court order or at the discretion of Defendants' counsel. *See id.*

as CONFIDENTIAL Information by filing an appropriate motion, under seal, with the Court." City Proposed Protective Order ¶ 3.

There is no reason to shift the burden to Plaintiff to file a motion challenging Defendants' confidentiality designation. Even when parties operate under a protective order, the designating party still bears the burden of moving to retain confidentiality. *See Ramirez v. Trans Union, LLC*, 2012 WL 8261626, at *1 (N.D. Cal. July 25, 2012) ("[T]he [proposed] protective order clearly shifts the initial burden to challenge the designation to the party challenging the designation. This is inconsistent with Ninth Circuit case law."); *Shelley v. Cty. of San Joaquin*, 2015 WL 2082370, at *7 (E.D. Cal. May 4, 2015) ("[T]he burden of justifying the confidentiality of each and every document sought to be covered by a protective order remains on the party seeking the protective order; any other conclusion would turn Rule 26(c) on its head." (quoting *Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1122 (3rd Cir. 1986)).

Defendants fail to explain how "the unique nature of civil rights lawsuits" justifies deviating from this standard. *See* Jt. Ltr. at 5. Defendants contend that "[p]lacing the burden on defendants to re-justify their designation is impractical and redundant as it forces defendants to essentially explain twice what they have already explained once by designating the documents as protected official information." *Id.* In other words, "Defendants wouldn't need a protective order if the information they were producing wasn't protected information." *Id.* Under Defendants' reasoning, the mere assertion that a document is confidential under the terms of a protective order would sufficiently explain why the document should remain confidential.

Placing the burden on Defendants to maintain a confidentiality designation is not "redundant." While "[a] protective order sealing the documents during discovery may reflect the court's previous determination that good cause exists to keep the documents sealed, . . . a blanket protective order that allows the parties to designate confidential documents does not provide sufficient judicial scrutiny to determine whether each particular document should remain sealed." *Tessera, Inc. v. Toshiba Corp.*, 2016 WL 6778687, at *1 (N.D. Cal. Nov. 16, 2016) (internal citation omitted). If Defendants were to seek to seal a document designated as confidential, they could not simply "justify its designation by again pointing to the official information privilege[.]"

7

Jt. Ltr. at 5. Defendants would instead need to articulate specific reasons for doing so to justify sealing—something the proposed protective order does not require them to do. Thus, if Plaintiff challenges a designation of confidentiality, Defendants, as the designating party, shall file and serve a motion to retain confidentiality. If Defendants believe such a motion should be filed under seal, they shall do so in accordance with Local Civil Rule 79-5.

## CONCLUSION

At this point, the Court will not require Plaintiff to adopt the City's proposed protective order. The parties may either move to enter a stipulated protective order, or they may move to enter competing protective orders. If Defendants wish to assert the official information privilege, they must attach an affidavit or declaration to show they meet their threshold burden as described above.

**IT IS SO ORDERED.**

Dated: December 14, 2016

_____
MARIA-ELENA JAMES
United States Magistrate Judge